**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| V. | * | Criminal No: 1:13-CR-00383-LO-4 |
| | * | Trial: 10/07/14 |
| **JOSHUA S. PHY** | * | Judge: Liam O'Grady |
| | * | |
| **Defendant(s).** | * | |
| | * | |

**DEFENDANT PHY'S SUPPLEMENTAL MOTION TO SUPPRESS STATEMENTS
AND POINTS AND AUTHORITIES IN SUPPORT THEREOF**

**COMES NOW**, Defendant, **JOSHUA S. PHY**, by and through, John O. Iweanoge, II and THE IWEANOGES FIRM, P.C., his attorneys, respectfully request this Honorable Court to suppress as evidence against him, any and all statements, oral or written, he is alleged to have given State and/or Federal law enforcement officers during his illegal seizure in this case. As grounds for this motion, counsel states the following:

1. The government may attempt to introduce as evidence against Joshua S. Phy any statements he made to the State and Federal law enforcement officers on September 22, 2011. Counsel requests that any such statements be suppressed because they were involuntary and obtained in violation of his due process rights guaranteed by the Federal Constitution.

2. The due process question is whether [defendant's] … "will was overborne at the time he confessed." *Reck v. Pate*, 367 U.S. 433, 440 (1961); *cf. United States v. Washington*, 431 U.S. 181, 188 (1977) (addressing "whether the behavior of the State's law enforcement officials was such as to overbear [the defendant's]…will to resist and bring about confessions not freely self-determined.' *Rogers v. Richmond*, 365 U.S. 534, 544 (1961). The burden is on the prosecution to show that, considering the totality of the circumstances, the confession was

voluntarily given. *Medina v. California*, 505 US 437, 463 (1992); *Lego v. Twomey*, 404 U.S. 477 (1972). Mr. Phy has a documented history of illnesses, including but not limited to mental, psychological, neurological and educational issues, which impact his presence of mind and his ability to make reasonable, intelligent and rational decisions. The court has stated that if a confession has been made involuntarily, any subsequent conviction cannot stand. *Stroble v. California*, 343 U.S. 181, 190 (1952). It is submitted that Mr. Phy did not knowingly and intelligently make statements to State and Federal law enforcement officers and that these statements are therefore inadmissible.

3.  The test for voluntariness is whether the confession is the product of an essentially free and unconstrained choice by its maker. *Culombe v. Connecticut*, 367 U.S. 568, 602 (1961); *Schneckloth v. Bustamonte*, 412 U.S. 2 18 (1973). The standard is whether, by reason of intoxication or some other factor, defendant's "will was overborne" or whether his statements were the "product of a rational intellect and a free will." *Townsend v. Sain*, 372 U.S. 293, 307 (1963). The courts have ruled that mental illness is "relevant to an individual's susceptibility to police coercion." *Colorado v. Connelly*, 479 U.S. at 165. In *Yarborough v. Alvarado*, 541 U.S. 652, 668 (2004), the Court stated that the question of whether "the defendant's will was overborne…" is one that can depend logically on "the characteristics of the accused." Further, it stated, "'the characteristics of the accused' can include the suspect's age, education and intelligence.., as well as a suspect's prior experience with law enforcement." See also *Haley v. Ohio*, 332 U.S. 596, 599 (1948). The court must also consider the suspect's mental retardation, educational privation and any "unique characteristics of a particular suspect that impair the suspect's "powers of resistance to overbearing police tactics." *Reck v. Pate*, supra; *Culombe v. Connecticut*, supra; *Payne v. Arkansas*, 356 U.S. 560 (1958); *Fikes v. Alabama*, 352

U.S. 191 (1957). *See also Miller v. Fenton*, 474 U.S. 109. Mr. Phy is on disability for mental, psychological, neurological and educational issues and does not work. Further more, law enforcement officers confirmed this information at the beginning of their interview from Mr. Phy's mother and friend on September 22, 2011. Notwithstanding this knowledge that he was mentally susceptible, they proceeded to solicit statements from him. Considering Mr. Phy's challenged condition at the time he allegedly made these statements, the Government will be unable to prove by a preponderance of the evidence that the statements were voluntary. Therefore, the statements must be held to be inadmissible and suppressed.

4. The due process voluntariness test not only takes into account the totality of all surrounding circumstances, it involves "a weighing of the circumstances of pressure against the power of resistance of the person confessing." *Dickerson v. United States*, 530 U.S. 428, 120 S. Ct. 2326, 2331 (2000), quoting *Stein v. New York*, 346 U.S. 156, 185, 73 S. Ct. 1077 (1953). As previously stated, because of Mr. Phy's condition at the time he made the alleged statements, his power of resistance against the questions of the Federal and State enforcement officers is largely diminished. Furthermore, he was mentally incapable to make voluntary statements with the full presence of mind. Therefore, it is submitted that for all the foregoing reasons, the statements of Mr. Phy should be suppressed and held inadmissible.

5. For such other and further relief as the nature of defendants cause requires in the interest of Justice and Judicial economy.

**WHEREFORE**, Defendant, **JOSHUA S. PHY**, by and through counsel, for the foregoing reasons respectfully requests that the statements of Mr. Phy be suppressed in any criminal proceedings against him.

                                                                      Respectfully submitted,

                                                                      Joshua S. Phy
                                                                      Defendant by Counsel

THE IWEANOGES FIRM, P.C.

By: _____/S/_____
    John O. Iweanoge, II
  IWEANOGE LAW CENTER
  1026 Monroe Street, NE
  Washington, DC 20017
  Phone: (202) 347-7026
  Fax:   (202) 347-7108
  Email: joi@iweanogesfirm.com
  Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of June, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Alexander T.H. Nguyen, AUSA
Jay V. Prabhu, AUSA
Dennis Green, AUSA
United States Attorneys' Office
for the Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, Virginia 22314

Dated: 9th day of June, 2014.                          _____/S/_____
                                                                     Of Counsel to Defendant