

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>-v-<br><br>DENNIS OWEN COLLINS, *et al.*,<br><br>    Defendants. | Case No. 1:13-CR-00383 |

### ORDER

Before the Court are Defendant Joshua Phy's Motions to Suppress Evidence and Statements (Dkt. Nos. 179, 180, 276). The Government has opposed the motions (Dkt. Nos. 213, 279). The Court has reviewed the pleadings and heard testimony and oral argument on June 13, 2014, and now issues this Order denying Mr. Phy's Motions.

On the morning of January 27, 2011, a number of agents arrived at Mr. Phy's residence to execute a search warrant. They knocked on the door and after the door was opened, the agents patted down Mr. Phy. No guns were pointed at Mr. Phy or his girlfriend, and no handcuffs were used. Mr. Phy was told that he was not under arrest, and it appeared that he was eager to cooperate with the agents when they interviewed him at his kitchen table. The agent who interviewed Mr. Phy testified that he told Mr. Phy that he was free to leave and did not have to speak with the agents. During the interview, Mr. Phy confirmed that he was familiar with Anonymous and admitted to participating in a DDoS attack using the Low Orbit Ion Cannon ("LOIC") tool. Under the circumstances of this case, none of the indicia of formal arrest are present. The interaction between Defendant and the agents appears to have been cordial, no physical force was used against the Defendant, and the agents made clear that they were at the

residence to execute a search warrant and that Defendant was not under arrest. Therefore, it is clear that Mr. Phy was not in custody at the time of the interview and no *Miranda* warnings were required.

Although Defendant's initial motion to suppress was devoid of factual support, his supplemental motion argues that Mr. Phy's interview and subsequent confession cannot be considered voluntary because of his "documented history of illnesses, including but not limited to mental, psychological, neurological and educational issues." Dkt. No. 276, at 2. At the time of the interview, Mr. Phy's mother informed the agents that her son had bipolar disorder and other issues, and that he read at a third-grade level. Mr. Phy's father also testified that his son had been diagnosed with bipolar disorder and attention deficit disorder, and that Mr. Phy was on disability (with his father providing significant financial and other support for him). However, at the time the interview occurred, Mr. Phy appeared alert and aware of the situation, conversed with the agents comfortably, and lived with a girlfriend and a minor.

Although courts have ruled that a defendant's mental condition is "relevant to [his] susceptibility to police coercion," *Colorado v. Connelly*, 479 U.S. 157, 165 (1986), the legal test for voluntariness ultimately revolves around whether the defendant's "will was overborne." *Townsend v. Sain*, 372 U.S. 293, 307 (1963). If the defendant's confession, despite his personal characteristics and circumstances, was a product of "rational intellect and free will," his confession is deemed voluntary under the law. *Id.* Moreover, the Fourth Circuit has made clear that in the absence of evidence that the agents coerced Mr. Phy or took advantage of his mental state, the presence of a diminished mental state on its own does not support a finding of involuntariness. *See United States v. Holmes*, 670 F.3d 586, 592 (4th Cir. 2012). *See also*

*Connelly*, 479 U.S. at 167 ("[C]oercive police activity is a necessary predicate to the finding that a confession is not 'voluntary' within the meaning of the Due Process Clause . . . .").

There is no indication here that Mr. Phy's confession, or any aspect of his interview with the agents, was involuntary. The Court acknowledges that Mr. Phy's various illnesses may have made him more susceptible to pressure from law enforcement. However, it is also evident from Mr. Phy's testimony that he functions highly enough to carry on a relationship, maintain employment, possess significant knowledge about computer systems, and most importantly, engage in clear verbal communication. In the absence of any indication that law enforcement took advantage of Mr. Phy's condition, it cannot be said that his will was overborne. Therefore, for the reasons above and those stated in open court:

1. Defendant's Motions (Dkt. Nos. 179, 180, 276) are **DENIED**.

/s/
Liam O'Grady
United States District Judge

June 18, 2014
Alexandria, Virginia